**Hearing Date: August 18, 2026, at 11 a.m. (Prevailing Eastern Time)**
**Objection Deadline: August 11, 2026, at 4 p.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Brian F. Moore
Brian Kreutter
*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE BLINC GROUP, INC.<br><br>Debtor. | Chapter 7<br>Case No. 25-10479 (MEW) |
| ALBERT TOGUT, not Individually but Solely in His Capacity as the Chapter 7 Trustee of the Estate of The Blinc Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>ABSTRAKT LLC,<br><br>Defendant. | Adv. Pro. No. 26-01039 (MEW) |
| ALBERT TOGUT, not Individually but Solely in His Capacity as the Chapter 7 Trustee of the Estate of The Blinc Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>KM SCIENTIFIC HOLDING CORPORATION, and KUSH MASTERS LLC,<br><br>Defendants. | Adv. Pro. No. 25-01135 (MEW) |

**NOTICE OF HEARING TO CONSIDER CHAPTER 7 TRUSTEE'S OMNIBUS APPLICATION FOR ORDER APPROVING STIPULATIONS SETTLING CLAIMS AGAINST COUNTERPARTIES**

**PLEASE TAKE NOTICE** that a hearing will be held on **August 18, 2026, at 11am (Prevailing Eastern Time)** (the "Hearing") or as soon thereafter as counsel can be heard, to consider the Chapter 7 Trustee's attached *Omnibus Application for Order Approving Stipulations Settling Claims Against Counterparties* (the "Application").

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be held before the Honorable Michael E. Wiles, United States Bankruptcy Judge for the Southern District of New York, One Bowling Green, New York, New York 10004. The Hearing shall take place via Zoom for Government. Those wishing to appear before the Court at the Hearing must register for appearance utilizing the Electronic Appearance portal on the Court's website: https://ecf.nysb.uscourts.gov/cgi bin/nysbAppearances.pl. Appearances must be entered no later than **August 17, 2026, at 4 p.m.** (Prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application must be made in writing, stating in detail the reasons therefore, and must be filed with the Clerk of the Bankruptcy Court, with paper copies delivered to Bankruptcy Judge Wiles' Chambers, and served upon: (i) Togut, Segal & Segal LLP, attorneys for Albert Togut, Chapter 7 Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Brian F. Moore, Esq. and Brian Kreutter, Esq. (bmoore@teamtogut.com and bkreutter@teamtogut.com); (ii) Abstrakt LLC, 2149 E 5th St., Tempe, AZ 85288, Attn: Russell Black (russellpblack@gmail.com); (iii) KM Scientific Holding Corporation and Kush Masters LLC, 6325 W 48th Ave., Wheat Ridge, CO, 80033, Attn: Josh Rutherford (Josh@thekushmasters.com); (iv) the Office of the United States Trustee for the Southern District of New York (Region 2), Alexander Hamilton

Custom House, One Bowling Green, Room 739, New York, New York 10004, Attn: Mark Bruh, Esq. (mbruh@usdoj.gov); and (v) any parties required to be served under any applicable Bankruptcy Rule or Local Rule, so that they are actually received by the aforementioned parties not later than **4 p.m. (Prevailing Eastern Time) on August 11, 2026** (the "Objection Deadline"). Objections not timely served and filed may not be considered by the Court. If no objections are received prior to the Objection Deadline, the Court may cancel the Hearing and enter the proposed order attached to the Application without holding the Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned from time to time, without further written notice to any party.

DATED: New York, New York
July 23, 2026

Albert Togut, *Not Individually But Solely in His Capacity as Chapter 7 Trustee*
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Brian F. Moore*
BRIAN F. MOORE
BRIAN KREUTTER
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
(bmoore@teamtogut.com)
(bkreutter@teamtogut.com)

Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Brian F. Moore
Brian Kreutter
*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE BLINC GROUP, INC.<br><br>Debtor. | Chapter 7<br>Case No. 25-10479 (MEW) |
| ALBERT TOGUT, not Individually but Solely in His Capacity as the Chapter 7 Trustee of the Estate of The Blinc Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>ABSTRAKT LLC,<br><br>Defendant. | Adv. Pro. No. 26-01039 (MEW) |
| ALBERT TOGUT, not Individually but Solely in His Capacity as the Chapter 7 Trustee of the Estate of The Blinc Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>KM SCIENTIFIC HOLDING CORPORATION, and KUSH MASTERS LLC,<br><br>Defendants. | Adv. Pro. No. 25-01135 (MEW) |

**CHAPTER 7 TRUSTEE'S OMNIBUS APPLICATION FOR ORDER APPROVING <u>STIPULATIONS SETTLING CLAIMS AGAINST COUNTERPARTIES</u>**

TO THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of The Blinc Group, Inc. (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), respectfully submits this application (the "Application") for entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the:

i. *Stipulation Settling Adversary Proceeding Against Defendant*, annexed to the Proposed Order as **Exhibit 1** (the "Abstrakt Stipulation"), by and between the Trustee and defendant Abstrakt LLC ("Abstrakt"); and

ii. *Stipulation Settling Adversary Proceeding Against Defendants*, annexed to the Proposed Order as **Exhibit 2** (the "Kush Stipulation", and collectively with the Abstrakt Stipulation, the "Stipulations"), by and between the Trustee and defendants KM Scientific Holding Corporation ("KMSHC") and Kush Masters LLC ("Kush Masters", and collectively with KMSHC, "Kush").

In support of this Application, the Trustee respectfully submits the Declaration of Brian F. Moore, a member of the Togut Firm, annexed hereto as **Exhibit B** and incorporated herein by reference. In further support of this Application, the Trustee respectfully states:

## PRELIMINARY STATEMENT

The Trustee has concluded, in his considered business judgment, that the Stipulations are fair and equitable and are in the best interests of the Estate. In reaching that conclusion, the Trustee has considered, among other things, the defenses to his claims that have been asserted by Abstrakt and Kush (collectively, the "Counterparties") and the costs, expenses, and delays associated with litigating disputed issues, the results of which are uncertain.

Approval of the Stipulations will enable the Trustee to recover a sum of $120,576 without the need for further discovery or litigation concerning the Debtor's prepetition transactions with the Counterparties. Based upon the foregoing and what is explained below, the Trustee respectfully requests that this court (the "Court") enter the Proposed Order approving the Stipulations.

## RELIEF REQUESTED

1. The Trustee respectfully requests entry of the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, authorizing and approving the Stipulations pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this Application and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

### I. The Chapter 7 Case

4. On March 14, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

5. On March 17, 2025, Albert Togut was appointed as the Chapter 7 Interim Trustee of the Debtor; he duly qualified and is acting as Trustee herein.

## II. The Trustee's Claims Against the Counterparties

6. Prior to the Petition Date, the Debtor entered into contracts (the "Contracts") to sell vaping hardware and related products (the "Goods") to various customers, including the Counterparties. Among other things, the Contracts contained warranty provisions and an arbitration clause.

7. The Debtor did not manufacture the Goods. Instead, it arranged for the manufacturing supplier to ship the Goods to the Debtor's warehouse or directly to a contract counterparty.

### A. The Abstrakt Claims

8. On April 28, 2026, the Trustee commenced adversary proceeding number 26-01039 (MEW) (the "Abstrakt Adversary Proceeding") by filing a complaint asserting claims (the "Abstrakt Claims") in the aggregate amount of $386,232 based on Abstrakt's failure to (i) pay an outstanding accounts receivable balance of $126,882 for 63,600 units of vaping devices described as "XPRO AIO BIJOU DISPOSABLE" (the "Abstrakt Goods"); and (ii) to make payments for orders in progress (the "Orders in Progress") in the aggregate amount of $259,350 based on contracts between Abstrakt and the Debtor relating to the sales of an additional 130,000 units of the Abstrakt Goods.

9. The Trustee's complaint alleged that the branded Abstrakt Goods were manufactured specifically for Abstrakt and had little to no value to any other company.

10. Abstrakt did not file an answer in the Abstrakt Adversary Proceeding.

11. During settlement negotiations, Abstrakt, among other things, (i) disputed the quality of the Abstrakt Goods delivered to Abstrakt; (ii) claimed that

the Estate could not satisfy the Debtor's warranty obligations with respect to the Abstrakt Goods; (iii) asserted that it paid third parties to obtain certain of the Abstrakt Goods relating to the Orders in Progress; and (iv) disputed the amount of the accounts receivable balance.

12. Additionally, Abstrakt claimed that it had provided an unreturned $68,400 deposit (the "Abstrakt Deposit") to the Debtor and did not receive any goods.

**B. The Kush Claims**

13. On September 3, 2025, the Trustee commenced adversary proceeding number 25-01135 (MEW) (the "Kush Adversary Proceeding") by filing a complaint asserting claims (the "Kush Claims", and collectively with the Abstrakt Claims, the "Claims") in the aggregate amount of $53,744.60 based on Kush's failure to (i) pay $30,576 (the "Undelivered Goods Amount") for 24,000 units of various cartridges (the "Kush Goods") currently residing in a storage facility; and (ii) pay an outstanding accounts receivable balance of $23,168.60 for an additional 46,200 units of the Kush Goods.

14. The Trustee's complaint alleged that the Kush Goods were manufactured specifically for Kush and had little to no value to any other company.

15. Kush did not file an answer in the Kush Adversary Proceeding.

16. During settlement negotiations, Kush, among other things, (i) disputed the quality of the Kush Goods; (ii) claimed that the Estate could not satisfy the Debtor's warranty obligations with respect to the Kush Goods; (iii) disputed the Trustee's accounts receivable claim; and (iv) claimed that the Debtor failed to deliver some of the Kush Goods to Kush.

## III. The Stipulations

17. The Trustee has taken considerable efforts to negotiate settlements with the Counterparties, which are summarized below.[1]

### A. The Abstrakt Stipulation

18. Following his investigation, the Trustee determined that Abstrakt provided the Abstrakt Deposit to the Debtor, which could be potentially set-off against the Trustee's demand amount.

19. The Trustee disputed Abstrakt's other defenses by asserting, among other things, that Abstrakt's quality and warranty claims lacked support and the Abstrakt Goods were marketable to Abstrakt's customers.

20. However, absent a settlement, the resolution of the Abstrakt Claims, which may be subject to arbitration, would require extensive fact discovery and motion practice that would be time-consuming and expensive, and without certainty of outcome.

21. After confidential settlement negotiations over the course of several months, the Trustee and Abstrakt executed the Abstrakt Stipulation, annexed to the Proposed Order as **Exhibit 1**, which, subject to approval by this Court, provides for the full resolution of the Abstrakt Claims. The material terms of the Abstrakt Stipulation are:

- Abstrakt agreed to pay $90,000 (the "Abstrakt Settlement Amount") to the Trustee as consideration for and in full settlement of the Abstrakt Claims. The Abstrakt Settlement Amount will be paid as follows:

[1] The summaries of the Stipulations set forth herein are provided for the convenience of the Court and parties in interest. In the event of any inconsistency between the summaries in this Application and the terms of the Stipulations, the terms of the Stipulations shall govern.

- $30,000 within two (2) business days of the date on which the order approving the settlement becomes final and not subject to any stay (the "Effective Date"); and

- Six installments of $10,000 totaling $60,000, with the first installment being due 30 days after the Effective Date, and each successive installment being due 30 days after the previous installment.

- The Trustee and Abstrakt exchanged releases.

22. The Trustee weighed the costs and benefits associated with his ongoing pursuit of the Abstrakt Claims against the recovery of the Abstrakt Settlement Amount, which represents a significant recovery on the Abstrakt Claims. The Trustee has determined that the Abstrakt Settlement Amount is warranted under the circumstances because it provides an appropriate risk-adjusted net benefit to the Estate.

**B. The Kush Stipulation**

23. The Trustee disputed Kush's defenses by asserting, among other things, that Kush's quality and warranty claims lacked support and the Kush Goods remained marketable to Kush's customers.

24. However, absent a settlement, the resolution of the Kush Claims, which may be subject to arbitration, would require extensive fact discovery concerning, among other things, the extent and nature of the quality and warranty issues raised by Kush. That discovery and motion practice would be time-consuming and expensive, and without certainty of outcome.

25. After confidential settlement negotiations over the course of several months, the Trustee and Kush executed the Kush Stipulation, annexed to the Proposed Order as **Exhibit 2**, which, subject to approval by this Court, provides for the full resolution of the Kush Claims. The material terms of the Kush Stipulation are:

- Kush agreed to pay $30,576 (the Undelivered Goods Amount) to the Trustee in six installments of $5,096, with the first installment being due three (3) business days after entry of the order approving the settlement, and each successive installment being due thirty (30) days after the previous installment;

- The Trustee agreed to release the Kush Goods to Kush;

- Kush agreed to obtain the Kush Goods from storage and to pay all related costs; and

- The Trustee and Kush exchanged releases.

26. The Trustee weighed the costs and benefits associated with his ongoing pursuit of the Kush Claims against the recovery of the Kush Settlement Amount, which represents a significant recovery on the Kush Claims. The Trustee has determined that the Kush Settlement Amount is warranted under the circumstances because it provides an appropriate risk-adjusted net benefit to the Estate.

## BASIS FOR RELIEF

### I. The Stipulations are Fair and Equitable and in the Best Interests of the Estate

27. The Stipulations: (i) consensually resolve numerous disputed claims asserted against the Counterparties; (ii) avoid the costs, expenses, and risks associated with continued litigation; and (iii) provide for the aggregate recovery of $120,576.

28. Bankruptcy Rule 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

29. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a).

30. The settlement of disputes is encouraged and generally favored in bankruptcy cases. *See Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *see also In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998) (the bankruptcy court may exercise its discretion in determining whether to approve a settlement "in light of the general public policy favoring settlements").

31. Before approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed settlement is both (i) fair and equitable, and (ii) in the best interests of a debtor's estate. *See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (applying the "fair and equitable" standard to settlements pursuant to Bankruptcy Rule 9019); *In re Enron Corp.*, Case No. 02-Civ-8489 (AKH), 2003 WL 230838, at *2 (S.D.N.Y. Jan. 31, 2003) ("A bankruptcy court may approve a settlement where the proposed settlement is both fair and equitable and in the best interests of the estate.") (internal quotation marks and citations omitted).

32. To evaluate whether a settlement is fair and equitable, courts in the Second Circuit consider factors including the following: (i) the balance between the possibility of success in any litigation and the settlement's future benefits; (ii) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay; (iii) the paramount interests of creditors, including the relative benefits, and the degree to which creditors either do not object to or affirmatively support the proposed settlement; (iv) whether other parties in interest support the settlement; (v) the competency and experience of counsel supporting the settlement; and (vi) the extent to which the settlement is the product of arm's-length bargaining. *See Iridium*, 478 F.3d at 462. Not all of these factors are relevant to all cases.

*See Plaza Equities LLC v. Pauker (In re Copperfield Invs., LLC)*, 401 B.R. 87, 96 (Bankr. E.D.N.Y. 2009).

33. Although a court should evaluate all factors "relevant to a fair and full assessment of the wisdom of the proposed compromise," (*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)), a court need not conduct a "mini-trial" of the merits of the claims being settled (*see In re Purofied Down Prod. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993)), or conduct a full independent investigation. *See In re Drexel Burnham Lambert Grp., Inc.,* 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991). The court is not required to decide every question of law or fact raised by litigation, but rather should canvass the issues to determine whether the settlement "falls below the lowest point in the range of reasonableness." *See W.T. Grant Co. v. Rodman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir. 1983); *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y.), *adhered to on reconsideration*, 327 B.R. 175 (Bankr. S.D.N.Y. 2005).

34. The Trustee respectfully submits that the Stipulations satisfy the standards for approval under Bankruptcy Rule 9019.

35. The Trustee has considered what was learned through informal document productions and settlement conferences with the Counterparties.

36. After a thorough review of the relevant records and deliberate consideration of the costs, uncertainty, and risks inherent in all litigation, the Trustee, in exercise of his business judgment, has determined that it is appropriate to reach a resolution of the Claims pursuant to the Stipulations rather than proceed with further litigation against the Counterparties, which would be expensive and uncertain.

37. In reaching that determination, the Trustee has considered, among other things: (i) the benefits to the Estate; (ii) the defenses asserted by the Counterparties; (iii) the cost, delay and risk of further litigation; (iv) finality; and (v) the settlement negotiations. Each factor is addressed below.

**A. Benefits to the Estate**

38. The Stipulations further the interests of the Estate by, among things, (i) obtaining a total recovery of $120,576; and (ii) eliminating future costs to store and maintain the Kush Goods.

39. As a result of extensive negotiations, the Trustee's recoveries on his claims are significant for the Estate given the defenses raised by the Counterparties.

40. The Stipulations will allow the Trustee and his professionals to continue to move forward with administering the Estate without engaging in costly and time-consuming litigations.

**B. The Defenses Asserted by the Counterparties**

41. The Counterparties asserted various defenses to the Claims, as described above, each of which the Trustee carefully considered. The Trustee conducted factual and legal research regarding those defenses and, without waiving any right, claim or defense against the Counterparties, concluded that continuing the litigations, and pursuing motion practice or trials would be costly and not without risk.

**C. Avoidance of the Cost, Delay, and Risk of Further Litigation**

42. The Stipulations eliminate the expense and delay of litigation, which would likely require pre-answer motion practice, extensive and costly fact and expert discovery concerning events that occurred years ago, the potential arbitration of the Trustee's claims, and the risk of prolonged post-answer motion practice and trials.

43. The Trustee cannot be certain that he would prevail on all counts in such litigation, or that, even if success were guaranteed, any net litigation recovery would be materially greater than the sums he is recovering through these settlements given the assets of the Estate would most certainly be significantly depleted by the further litigation on the Claims. Recoveries from the Counterparties after prolonged litigation could also be impaired by their eventual financial capacities.[2] Even if successful in whole or in part, ongoing litigation of the Claims has the potential to delay recoveries and distributions for years.

**D. Finality**

44. The Stipulations fully resolve the Claims by the Trustee against the Counterparties and include releases.

**E. Experienced Counsel and Arm's-Length Negotiations**

45. The Stipulations are the product of arm's-length and good faith negotiations over the course of months between the Trustee and the Counterparties. Prior to and during the Abstrakt Adversary Proceeding, including during settlement negotiations, Abstrakt was represented by experienced and sophisticated counsel and its CEO has executed the Abstrakt Stipulation. On behalf of the Trustee, the Togut Firm dealt directly with Kush's Chairman to resolve the Kush Claims.

46. Based upon the foregoing, the Trustee respectfully submits that the terms of the Stipulations are fair, reasonable and equitable, in the best interests of the Estate, and are above the lowest point in the range of reasonable potential litigation outcomes.

---

[2] The Trustee also considered each Counterparty's ability to pay his demand amount.

## NOTICE

47. Notice of the Application has been given to: (i) the Counterparties; (ii) the United States Trustee; (iii) any party in interest which has filed a Notice of Appearance; and (iv) all of the Debtor's known creditors.

## NO PRIOR REQUEST

48. No prior application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, approving the Stipulations, and grant such other and further relief as is just and proper.

DATED: New York, New York
July 23, 2026

Albert Togut, *Not Individually But Solely in His Capacity as Chapter 7 Trustee*
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Brian F. Moore*
BRIAN F. MOORE
BRIAN KREUTTER
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
(bmoore@teamtogut.com)
(bkreutter@teamtogut.com)

# Exhibit A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

THE BLINC GROUP, INC.,

Debtor.

Chapter 7
Case No. 25-10479 (MEW)

ALBERT TOGUT, not Individually but Solely in His Capacity as the Chapter 7 Trustee of the Estate of The Blinc Group, Inc.,

Plaintiff,

v.

ABSTRAKT LLC,

Defendant.

Adv. Pro. No. 26-01039 (MEW)

ALBERT TOGUT, not Individually but Solely in His Capacity as the Chapter 7 Trustee of the Estate of The Blinc Group, Inc.,

Plaintiff,

v.

KM SCIENTIFIC HOLDING CORPORATION, and KUSH MASTERS LLC,

Defendants.

Adv. Pro. No. 25-01135 (MEW)

**ORDER APPROVING STIPULATIONS SETTLING**
**CHAPTER 7 TRUSTEE'S CLAIMS AGAINST COUNTERPARTIES**

Upon the application (the "Application")[1] of Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of The Blinc Group, Inc. (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), for entry of an order (this "Order") approving:

i. *Stipulation and Order Settling Adversary Proceeding Against Abstrakt LLC*, annexed to hereto as **Exhibit 1**, by and between the Trustee and defendant Abstrakt LLC; and

ii. *Stipulation and Order Settling Adversary Proceeding Against KM Scientific Holding Corporation and Kush Masters LLC*, annexed hereto as **Exhibit 2**, by and between the Trustee and defendants KM Scientific Holding Corporation and Kush Masters LLC.

pursuant to section 105(a) of title 11 of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure; and upon the Declaration of Brian F. Moore in support of the Application; and it appearing that the Court has jurisdiction to consider the Application and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.), and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Estate; and this Court having reviewed the Application and the Stipulations; and good and sufficient notice of the Application having been given to all parties entitled thereto; and a hearing to consider the Application having been held before the Court (the "Hearing"); and upon the record made during the Hearing; and after due deliberation and sufficient cause appearing therefor, and upon all prior pleadings and proceedings had herein;

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Application except where otherwise indicated.

**IT IS HEREBY ORDERED**:

1. The Application is GRANTED and the Stipulations, the terms of which are incorporated herein, are approved.

2. All objections, if any, to the Application and the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice.

3. The failure specifically to include any particular provision of the Stipulations in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Stipulations be authorized and approved in their entirety.

4. The Trustee, the Togut Firm and the Counterparties are authorized to take all necessary actions and sign such documents as may be reasonably necessary to carry out this Order.

5. The Stipulations and any related agreements, documents, or other instruments may be further modified, amended, or supplemented in a writing signed by the applicable Counterparty and the Trustee without further order of this Court, provided that any such modification, amendment or supplement is consistent with this Order and does not have a material adverse effect on the Estate.

6. The Court shall retain exclusive jurisdiction to enforce and implement this Order, the terms and provisions of the Stipulations, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith, in all respects including, but not limited to, retaining jurisdiction to (a) compel compliance with this Order and the Stipulations, (b) resolve any dispute, controversy or claim arising under or related to the Stipulations or the

breach thereof and (c) interpret, implement, and enforce the provisions of this Order and resolve any disputes related thereto.

7. Entry of this Order shall in no way impair the ability of the Court, United States Trustee, or Trustee to implement or enforce other orders of the Court entered in the Debtor's case, and all such orders shall continue in full force and effect.

DATED: New York, New York
August __, 2026

____________________________________
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Stipulation Settling Adversary Proceeding Against Abstrakt LLC

TOGUT, SEGAL & SEGAL LLP
*Attorneys for the Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Brian F. Moore
Brian Kreutter

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| | Case No. 25-10479 (MEW) |
| THE BLINC GROUP, INC. | |
| Debtor. | |
| ALBERT TOGUT, not Individually but Solely in His Capacity as the Chapter 7 Trustee of the Estate of The Blinc Group, Inc., | Adv. Pro. No. 26-01039 (MEW) |
| Plaintiff, | |
| v. | |
| ABSTRAKT LLC, | |
| Defendant. | |

**STIPULATION SETTLING ADVERSARY PROCEEDING AGAINST DEFENDANT**

This stipulation (the "Stipulation") is made by and between Albert Togut, not individually but solely in his capacity as Chapter 7 Trustee ("Plaintiff" or the "Trustee") of the estate (the "Estate") of The Blinc Group, Inc. (the "Debtor") in the above-captioned bankruptcy case (the "Chapter 7 Case"), and defendant Abstrakt LLC

(the "Defendant," and together with the Trustee, the "Parties") in the above-captioned adversary proceeding (the "Adversary Proceeding"):

**RECITALS**

**WHEREAS**, on March 14, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

**WHEREAS**, on March 17, 2025, Albert Togut was appointed as Chapter 7 Interim Trustee of the Debtor; he duly qualified and is acting as Trustee of the Debtor; and

**WHEREAS**, on April 23, 2025, the Court entered an order authorizing the Trustee to retain Togut, Segal & Segal LLP as his bankruptcy counsel (the "Togut Firm") [Docket No. 13]; and

**WHEREAS**, prior to the Petition Date, the Debtor entered into contracts to sell vaping hardware and related products to various customers, including the Defendant; and

**WHEREAS**, as more fully set forth in the *Complaint* [Adv. Pro. Docket No. 1] (the "Complaint") filed in the Adversary Proceeding, the Trustee has asserted claims against the Defendant (the "Abstrakt Claims") based on contracts providing for Defendant's purchase of goods from the Debtor; and

**WHEREAS,** Defendant has asserted defenses in connection with the Abstrakt Claims; and

**WHEREAS,** as a result of settlement negotiations, and to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes pursuant to the terms of, and subject to the conditions set forth in, this Stipulation.

**SETTLEMENT**

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties, intending to be legally bound, as follows:

1. The recitals set forth above are incorporated herein by reference.

**A. The Approval Order**

2. Following his receipt of a signed copy of the Stipulation from Defendant, the Trustee will file an application (the "Application") requesting that the Court enter an order approving this Stipulation (the "Approval Order"). The Stipulation shall be binding on the Parties upon execution, and each of the Parties shall support entry of the Approval Order. If not approved by the Court, this Stipulation shall be null and void, with no force or effect, and the Parties will be returned to the *status quo ante* as if the Stipulation had never been entered. In the event the Stipulation becomes null and void or is later vacated, the Trustee shall return to Defendant any Settlement Payments theretofore made within ten (10) business days. The terms and conditions of

this Stipulation shall not be stayed pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure.

3. The deadlines, including any deadline to answer or file a responsive pleading or any discovery deadline, regarding the Abstrakt Claims and Defendant's rights and defenses in respect of the same are suspended indefinitely pending the Court's consideration of the Application. Upon the Trustee's receipt of the full Settlement Amount, the Trustee shall promptly file a stipulation or notice dismissing the Adversary Proceeding with prejudice, and the Adversary Proceeding shall thereupon be deemed dismissed with prejudice.

4. The date on which the Approval Order becomes final and not subject to any stay shall be the "Effective Date".

B. Settlement of Claims and Payment of Settlement Amount

5. Defendant shall pay ninety thousand dollars ($90,000) (the "Settlement Amount") to the Trustee as consideration for and in full and final settlement of the Abstrakt Claims asserted by the Trustee and the Estate.

6. The Settlement Amount ($90,000) shall be paid by Abstrakt (collectively, the "Settlement Payments" and each a "Settlement Payment") as follows:

(a) $30,000 within two (2) business days of the Effective Date; and
(b) Six installments of $10,000 (each an "Installment") totaling $60,000, with the first Installment being due 30 days after the Effective Date, and each successive

Docusign Envelope ID: 35A0540F-6717-8A9E-8243-2EFBDE680B51

Installment being due 30 days after the previous Installment.

7. On the Effective Date, the Togut Firm shall notify Defendant of the due date of the first Settlement Payment by electronic mail during normal business hours and provide all necessary wire transfer and ACH instructions.

8. Defendant shall pay each Settlement Payment by wire or ACH transfer to the Trustee.

9. In the event that Defendant fails to timely pay any Settlement Payment in accordance with paragraph 6, the Togut Firm will send a default notice via electronic mail to Russellpblack@gmail.com and first-class mail to 2149 E 5th St., Tempe, AZ 85288.

10. Defendant shall be entitled to the notice and ten (10) business day cure period described in paragraph 9 and this paragraph 10 with respect to each failure to timely pay a Settlement Payment. If Defendant cures a default by paying the overdue Settlement Payment within ten (10) business days after the corresponding default notice is sent, the default shall be deemed cured, the Trustee shall not submit the Consent Judgment on account of that default, and the Installment schedule set forth in paragraph 6 shall remain in full force and effect. If Defendant fails to cure such default within ten (10) business days after the notice is sent, the Trustee may submit a consent judgment, attached hereto as **Exhibit A** (the "Consent Judgment"), to the Court granting a judgment against Defendant in the amount of $386,232 (the "Consent Judgment

Amount"), plus reasonable legal costs and fees as determined by the Bankruptcy Court on application by the Trustee. In enforcing the Consent Judgment, the Consent Judgment Amount shall be reduced on a dollar-for-dollar basis by all Settlement Payments previously made by Defendant to the Trustee.

C. **Releases**

11. As of the Effective Date, the Trustee, on behalf of himself as Trustee, the Debtor, the Estate, and any and all of their respective successors and assigns, as well as any of their attorneys, retained professionals, shareholders, and agents, hereby releases, waives, acquits, and forever discharges Defendant and its current and former members, managers, officers, directors, employees, agents, representatives, attorneys, affiliates, parent companies, subsidiaries, successors, assigns, and any persons acting on its behalf, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising, directly or indirectly or derivatively, from or relating to the Abstrakt Claims, the Estate, the Chapter 7 Case and/or the Adversary Proceeding, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Effective Date; provided, however, that the foregoing release in this paragraph 11 shall not apply to and shall not be deemed to release or discharge (a) any obligations of Defendant arising under and

pursuant to this Stipulation, or (b) any claims relating to any breach of the obligations arising under and pursuant to this Stipulation.

12. As of the Effective Date, Defendant hereby releases, waives, acquits, and forever discharges the Trustee, the Debtor, the Estate, and any and all of their respective successors and assigns, as well as their past, present and future representatives, attorneys, retained professionals, shareholders, insurers, re-insurers, and excess insurers, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising, directly or indirectly, from or relating to the Debtor, the Estate, the Chapter 7 Case and/or the Adversary Proceeding, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Effective Date; provided, however, that the foregoing release in this paragraph 12 shall not apply to and shall not be deemed to release or discharge (i) any obligations of the Trustee, on behalf of himself as Trustee, the Debtor, or the Estate arising under and pursuant to this Stipulation, or (ii) any claims relating to any breach of the obligations of the Trustee, on behalf of himself as Trustee, the Debtor, or the Estate arising under and pursuant to this Stipulation.

## D. No Admission of Liability

13. This Stipulation is made in compromise of disputed claims and solely to avoid the expense and inconvenience of litigation and is not, nor shall it be,

construed as a finding or admission of liability, fault, wrongdoing, obligation, or illegal, immoral, or unethical conduct on the part of any of the Parties.

E. Representations

14. Rule 408 Communication. No statement made or action taken in connection with the negotiation of this Stipulation shall be offered or received in evidence or in any way referred to in any legal action among or between the Parties, other than as may be necessary to obtain approval of and enforce this Stipulation or any dispute hereunder. All of the paper and digital documents that were exchanged by the Parties during their negotiations concerning the Adversary Proceeding (the "Settlement Materials") are subject to Federal Rule of Evidence 408, and they shall be destroyed promptly after the Effective Date except to the extent that a Party is required by applicable law to maintain the Settlement Materials until the Chapter 7 Case is closed and in such event, the Settlement Materials shall be destroyed promptly after the Chapter 7 Case is closed.

15. Each person signing this Stipulation represents and warrants that they are authorized to execute and deliver this Stipulation on behalf of such Party, to bind their respective client or clients to the terms and conditions of this Stipulation and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation. Notwithstanding anything to the contrary herein and only until the time that the Approval Order becomes final and non-appealable, nothing contained in

this Stipulation shall constitute a waiver of the Trustee's fiduciary duties to the Debtor and the Estate in this or any other case, or his right, subject to the Trustee filing a motion upon notice to Defendant and obtaining entry of an Order by the Court approving such action or step, to take such steps that he determines to be necessary or appropriate to preserve and protect such duties, nor a waiver of Defendant's rights and remedies if the Trustee seeks to act in violation of the terms set forth in this Stipulation.

16. The Parties represent and acknowledge that, in executing this Stipulation, they do not rely, and have not relied, upon any representation or statement made by or on behalf of any Party, with regard to the subject matter, basis, or effect of this Stipulation or otherwise, other than as specifically stated in this Stipulation. Accordingly, this Stipulation constitutes the entire agreement among the Parties and supersedes all prior agreements and understandings, written or oral, if any, pertaining to the subject matter hereof, and any representations not set forth in this Stipulation are of no force and effect.

17. The Parties each further declare that, in making this Stipulation, they rely entirely upon their own judgment, beliefs and interests, and, where applicable, the advice of their counsel (for whose expense each shall be solely responsible), and that they have had a reasonable period of time to consider this Stipulation.

18. The Parties represent that they (i) have carefully read this Stipulation and know the contents thereof, (ii) have had the option of consulting with

counsel of their choice regarding the meaning of the terms herein, and (iii) are executing this Stipulation freely and voluntarily. The Parties participated jointly in the drafting and preparation of this Stipulation, and it shall not be construed more strictly against any of the Parties.

F. <u>Amendment</u>

19. This Stipulation may be amended, and any provision of this Stipulation may be waived; provided that any such amendment or waiver will be binding upon the Parties only if such amendment or waiver is set forth in a writing executed by all of the Parties hereto and, if necessary, approved by the Court. No course of dealing between or among any persons having any interest in this Stipulation shall be deemed effective to modify, amend, or discharge any part of this Stipulation or any rights or obligations of any person under or by reason of this Stipulation. No waiver of any of the provisions of this Stipulation shall be deemed or shall constitute a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver.

G. <u>Governing Law and Forum Selection</u>

20. This Stipulation shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent with the Bankruptcy Code, the laws of the State of New York, without giving effect to any choice of law or

conflict of law rules or provisions that would cause the application of the laws of any jurisdiction other than the State of New York.

21. The Parties acknowledge and agree that the Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Stipulation.

H. <u>Miscellaneous</u>

22. This Stipulation shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators, and assigns.

23. Nothing herein expressed or implied is intended or shall be construed to confer upon or give to any person other than the Parties hereto and their respective permitted successors and assigns any rights or remedies under or by reason of this Stipulation.

24. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter of it and supersedes all prior agreements and undertakings between the Parties relating to the subject matter hereof. There are no other covenants, promises, agreements, conditions, or understandings, either oral or written, express or implied, between the Parties, except for this Stipulation with respect to its subject matter. The terms of this Stipulation are contractual and not merely recitals.

25. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

Dated: June 30, 2026

ALBERT TOGUT, not individually but solely in his capacity as Chapter 7 Trustee,
By his Attorneys,

TOGUT, SEGAL & SEGAL LLP

By:

BRIAN F. MOORE
BRIAN KREUTTER
One Penn Plaza, Suite 3335
New York, New York 10119
Tel: (212) 594-5000

*Attorneys for the Chapter 7 Trustee*

ABSTRAKT LLC,

By: Russell Black
DocuSigned by:
Russell Black
CD1288A516BC405...

Address: 2149 E 5th St.
Tempe AZ 85288
Tel: 480-220-5131

Title: CEO

Docusign Envelope ID: 35A0540F-6717-8A9E-8243-2EFBDE680B51

# EXHIBIT A

Docusign Envelope ID: 35A0540F-6717-8A9E-8243-2EFBDE680B51

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE BLINC GROUP, INC.<br><br>Debtor. | Chapter 7<br>Case No. 25-10479 (MEW) |
| ALBERT TOGUT, not Individually but Solely in His Capacity as the Chapter 7 Trustee of the Estate of The Blinc Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>ABSTRAKT LLC,<br><br>Defendant. | Adv. Pro. No. 26-01039 (MEW) |

**CONSENT JUDGMENT**

**IT IS HEREBY CONSENTED TO AND AGREED** that pursuant to the Stipulation (the "Stipulation")[1] by and among: Albert Togut, not individually but solely in his capacity as Chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of The Blinc Group, Inc. (the "Debtor"), in the Chapter 7 Case and Adversary Proceeding, and defendant Abstrakt LLC (the "Defendant," and together with the Trustee, the "Parties"), which Stipulation has

1 Capitalized terms not defined herein shall have the meanings ascribed to them in the Stipulation.

been agreed to and executed by the Parties, and pursuant to which, among other things, Defendant agreed to settle the Abstrakt Claims by its payment of $90,000 (the "Settlement Amount") to the Trustee and for a consent judgment to be entered against Defendant in the amount of $386,232 (the "Consent Judgment Amount") plus reasonable legal costs and fees as determined by the United States Bankruptcy Court for the Southern District of New York (the "Court") on application by the Trustee, reduced on a dollar-for-dollar basis by all Settlement Payments theretofore made by Defendant to the Trustee, and Defendant hereby consents to entry of judgment against itself in the amount of the Consent Judgment Amount, and it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Trustee shall have judgment against Defendant in the amount of $386,232, plus reasonable legal costs and fees as determined by the Court on application by the Trustee, reduced on a dollar-for-dollar basis by all Settlement Payments theretofore made by Defendant to the Trustee. Collection efforts may proceed upon Defendant's failure to pay the Settlement Amount to the Trustee as set forth in the Stipulation.

Dated: June 30, 2026

ALBERT TOGUT, not individually but solely in his capacity as Chapter 7 Trustee, By his Attorneys,

TOGUT, SEGAL & SEGAL LLP

By: [signature]

ABSTRAKT LLC,

By: Russell Black

DocuSigned by:
Russell Black
CD1288AB16BC405

Address: 2149 E 5th St.
Tempe, AZ 85288

BRIAN F. MOORE
BRIAN KREUTTER
One Penn Plaza, Suite 3335
New York, New York 10119
Tel: (212) 594-5000

*Attorneys for the Chapter 7 Trustee*

Tel: 480-220-5131

Title: CEO

# Exhibit 2

## Stipulation Settling Adversary Proceeding Against KM Scientific Holding Corporation and Kush Masters LLC

TOGUT, SEGAL & SEGAL LLP
*Attorneys for the Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Brian F. Moore
Brian Kreutter

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE BLINC GROUP, INC.<br><br>Debtor. | Chapter 7<br>Case No. 25-10479 (MEW) |
| ALBERT TOGUT, not Individually but Solely in His Capacity as the Chapter 7 Trustee of the Estate of The Blinc Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>KM SCIENTIFIC HOLDING CORPORATION and KUSH MASTERS LLC,<br><br>Defendants. | Adv. Pro. No. 25-01135 (MEW) |

**STIPULATION SETTLING ADVERSARY**
**PROCEEDING AGAINST DEFENDANTS**

This stipulation (the "Stipulation") is made by and between Albert Togut, not individually but solely in his capacity as Chapter 7 Trustee ("Plaintiff" or the "Trustee") of the estate (the "Estate") of The Blinc Group, Inc. (the "Debtor") in the above-captioned bankruptcy case (the "Chapter 7 Case"), and defendants KM Scientific Holding Corporation and Kush Masters LLC (the "Defendants," and together with the

Trustee, the "Parties") in the above-captioned adversary proceeding (the "Adversary Proceeding"):

**RECITALS**

**WHEREAS**, on March 14, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

**WHEREAS**, on March 17, 2025, Albert Togut was appointed as Chapter 7 Interim Trustee of the Debtor; he duly qualified and is acting as Trustee of the Debtor; and

**WHEREAS**, on April 23, 2025, the Court entered an order authorizing the Trustee to retain Togut, Segal & Segal LLP as his bankruptcy counsel (the "Togut Firm") [Docket No. 13]; and

**WHEREAS**, prior to the Petition Date, the Debtor entered into contracts to sell vaping hardware and related products to various customers, including the Defendants; and

**WHEREAS**, as more fully set forth in the *Complaint* [Adv. Pro. Docket No. 1] (the "Complaint") filed in the Adversary Proceeding, the Trustee has asserted claims against the Defendants (the "Kush Claims") based on contracts providing for Defendants' purchase of goods from the Debtor; and

**WHEREAS**, certain of the goods purchased by Defendants (the "Goods") are located at a storage facility operated by Logistics Plus (the "Facility"); and

**WHEREAS**, Defendants have asserted defenses in connection with the Kush Claims; and

**WHEREAS**, as a result of settlement negotiations, and to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes pursuant to the terms of, and subject to the conditions set forth in, this Stipulation.

**SETTLEMENT**

**NOW, THEREFORE**, **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, intending to be legally bound, as follows:

1. The recitals set forth above are incorporated herein by reference.

A. **The Approval Order**

2. Following his receipt of a signed copy of the Stipulation from Defendants, the Trustee will file an application (the "Application") requesting that the Court enter an order approving this Stipulation (the "Approval Order"). The Stipulation shall be binding on the Parties upon execution, and each of the Parties shall support entry of the Approval Order. If not approved by the Court, this Stipulation shall be null and void, with no force or effect, and the Parties will be returned to the *status quo ante* as if the Stipulation had never been entered. The terms and conditions of this Stipulation shall not be stayed pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure.

3. The deadlines, including any discovery deadline, regarding the Kush Claims and Defendants' rights and defenses in respect of the same are suspended indefinitely pending the Court's consideration of the Application.

4. The date on which the Approval Order becomes final and not subject to any stay shall be the "Effective Date".

B. **Settlement of Claims, Payment of Settlement Amount and Transfer of Goods**

5. Defendants shall pay thirty thousand five hundred seventy-six dollars ($30,576) (the "Settlement Amount") to the Trustee as consideration for and in full and final settlement of the Kush Claims asserted by the Trustee and the Estate.

6. The Settlement Amount ($30,576) shall be paid by Defendants in six installments of $5,096 (each an "Installment"), with the first Installment being due three (3) business days after entry of the Approval Order, and Completed transfer of the undelivered goods in the complaint. Each successive Installment being due thirty (30) days after the previous Installment.

7. Defendants shall pay the Installments by wire (with instructions to be provided by the Togut Firm) to the Trustee.

8. Defendants are jointly and severally liable to the Trustee for the Settlement Amount.

9. In the event that the Defendants fail to timely pay any Installment in accordance with paragraph 6, the Togut Firm will send a default notice to Josh Rutherford via electronic mail (josh@thekushmasters.com) and first-class mail to Josh Rutherford, 6325 w 48th ave wheat ridge co 80033

10. If Defendants fail to cure such default within ten (10) business days after the notice is sent, the Trustee may submit a consent judgment, attached hereto as **Exhibit "A"** (the "Consent Judgment"), to the Court granting a judgment against

Defendants, jointly and severally, in the amount of the Settlement Amount ($30,576), plus costs. The Trustee would deduct any Installments made by Defendants from the Settlement Amount.

11. As of the Effective Date, title of the Goods is transferred to the Defendants[1]; and (ii) Defendants, at their own cost, will be responsible for obtaining the Goods from the Facility and for any future costs to store or maintain the Goods.

## C. **Releases**

12. As of the Effective Date, the Trustee, on behalf of himself as Trustee, the Debtor, the Estate, and any and all of their respective successors and assigns, as well as any of their attorneys, retained professionals, shareholders, and agents, hereby releases, waives, acquits, and forever discharges Defendants and any and all of their respective successors and assigns, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising, directly or indirectly or derivatively, from or relating to the Kush Claims, the Estate, the Chapter 7 Case and/or the Adversary Proceeding, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the date of this Stipulation; provided, however, that the foregoing release in this paragraph 12 shall not apply to and shall not be deemed to release or discharge (a) any obligations of Defendants arising under and pursuant to this Stipulation, or (b) any claims relating to any breach of the obligations arising under and pursuant to this Stipulation.

[1] The Trustee makes no representations or warranties as to the Goods, which have been transferred to Defendants on an "as is" basis.

13. As of the Effective Date, Defendants hereby release, waive, acquit, and forever discharge the Trustee, the Debtor, the Estate, and any and all of their respective successors and assigns, as well as their past, present and future representatives, attorneys, retained professionals, shareholders, insurers, re-insurers, and excess insurers, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising, directly or indirectly, from or relating to the Debtor, the Estate, the Chapter 7 Case and/or the Adversary Proceeding, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Effective Date; provided, however, that the foregoing release in this paragraph 13 shall not apply to and shall not be deemed to release or discharge (i) any obligations of the Trustee, on behalf of himself as Trustee, the Debtor, or the Estate arising under and pursuant to this Stipulation, or (ii) any claims relating to any breach of the obligations of the Trustee, on behalf of himself as Trustee, the Debtor, or the Estate arising under and pursuant to this Stipulation.

D. **No Admission of Liability**

14. This Stipulation is made in compromise of disputed claims and solely to avoid the expense and inconvenience of litigation and is not, nor shall it be, construed as a finding or admission of liability, fault, wrongdoing, obligation, or illegal, immoral, or unethical conduct on the part of any of the Parties.

E. **Representations**

15. **Rule 408 Communication**. No statement made or action taken in connection with the negotiation of this Stipulation shall be offered or received in evidence or in any way referred to in any legal action among or between the Parties, other than as may be necessary to obtain approval of and enforce this Stipulation or any dispute hereunder. All of the paper and digital documents that were exchanged by the Parties during their negotiations concerning the Adversary Proceeding (the "Settlement Materials") are subject to Federal Rule of Evidence 408, and they shall be destroyed promptly after the Effective Date except to the extent that a Party is required by applicable law to maintain the Settlement Materials until the Chapter 7 Case is closed and in such event, the Settlement Materials shall be destroyed promptly after the Chapter 7 Case is closed.

16. Each person signing this Stipulation represents and warrants that they are authorized to execute and deliver this Stipulation on behalf of such Party, to bind their respective client or clients to the terms and conditions of this Stipulation and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation. Notwithstanding anything to the contrary herein and only until the time that the Approval Order becomes final and non-appealable, nothing contained in this Stipulation shall constitute a waiver of the Trustee's fiduciary duties to the Debtor and the Estate in this or any other case, or his right, subject to the Trustee filing a motion upon notice to Defendants and obtaining entry of an Order by the Court approving such action or step, to take such steps that he determines to be necessary or appropriate

to preserve and protect such duties, nor a waiver of Defendants' rights and remedies if the Trustee seeks to act in violation of the terms set forth in this Stipulation.

17. The Parties represent and acknowledge that, in executing this Stipulation, they do not rely, and have not relied, upon any representation or statement made by or on behalf of any Party, with regard to the subject matter, basis, or effect of this Stipulation or otherwise, other than as specifically stated in this Stipulation. Accordingly, this Stipulation constitutes the entire agreement among the Parties and supersedes all prior agreements and understandings, written or oral, if any, pertaining to the subject matter hereof, and any representations not set forth in this Stipulation are of no force and effect.

18. The Parties each further declare that, in making this Stipulation, they rely entirely upon their own judgment, beliefs and interests, and, where applicable, the advice of their counsel (for whose expense each shall be solely responsible), and that they have had a reasonable period of time to consider this Stipulation.

19. The Parties represent that they (i) have carefully read this Stipulation and know the contents thereof, (ii) have had the option of consulting with counsel of their choice regarding the meaning of the terms herein, and (iii) are executing this Stipulation freely and voluntarily. The Parties participated jointly in the drafting and preparation of this Stipulation, and it shall not be construed more strictly against any of the Parties.

F. **Amendment**

20. This Stipulation may be amended, and any provision of this Stipulation may be waived; provided that any such amendment or waiver will be binding upon the Parties only if such amendment or waiver is set forth in a writing executed by all of the Parties hereto and, if necessary, approved by the Court. No course of dealing between or among any persons having any interest in this Stipulation shall be deemed effective to modify, amend, or discharge any part of this Stipulation or any rights or obligations of any person under or by reason of this Stipulation. No waiver of any of the provisions of this Stipulation shall be deemed or shall constitute a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver.

## G. **Governing Law and Forum Selection**

21. This Stipulation shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent with the Bankruptcy Code, the laws of the State of New York, without giving effect to any choice of law or conflict of law rules or provisions that would cause the application of the laws of any jurisdiction other than the State of New York.

22. The Parties acknowledge and agree that the Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Stipulation.

## H. **Miscellaneous**

23. This Stipulation shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators, and assigns.

24. Nothing herein expressed or implied is intended or shall be construed to confer upon or give to any person other than the Parties hereto and their respective permitted successors and assigns any rights or remedies under or by reason of this Stipulation.

25. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter of it and supersedes all prior agreements and undertakings between the Parties relating to the subject matter hereof. There are no other covenants, promises, agreements, conditions, or understandings, either oral or written, express or implied, between the Parties, except for this Stipulation with respect to its subject matter. The terms of this Stipulation are contractual and not merely recitals.

*[Remainder of Page Left Intentionally Blank]*

This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

Dated: July 17, 2026

ALBERT TOGUT, not individually but solely in his capacity as Chapter 7 Trustee,
By his Attorneys,

TOGUT, SEGAL & SEGAL LLP

By:

Brian F. Moore
BRIAN F. MOORE
BRIAN KREUTTER
One Penn Plaza, Suite 3335
New York, New York 10119
Tel: (212) 594-5000

*Attorneys for the Chapter 7 Trustee*

KM SCIENTIFIC HOLDING CORPORATION and KUSH MASTERS LLC,

By:
Josh Rutherford
JOSH RUTHERFORD
Address: 6325 w 48th ave
Wheat Ridge CO 80033
Tel:720-799-5824

Title *Chairman*

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE BLINC GROUP, INC.<br><br>Debtor. | Chapter 7<br>Case No. 25-10479 (MEW) |
| ALBERT TOGUT, not Individually but Solely in His Capacity as the Chapter 7 Trustee of the Estate of The Blinc Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>KM SCIENTIFIC HOLDING CORPORATION, and KUSH MASTERS LLC,<br><br>Defendants. | Adv. Pro. No. 25-01135 (MEW) |

## CONSENT JUDGMENT

**IT IS HEREBY CONSENTED TO AND AGREED** that pursuant to the Stipulation (the "Stipulation")[2] by and among: Albert Togut, not individually but solely in his capacity as Chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of The Blinc Group, Inc. (the "Debtor"), in the Chapter 7 Case and Adversary Proceeding, and defendants KM Scientific Holding Corporation and Kush Masters LLC (the "Defendants," and together with the Trustee, the "Parties"), which Stipulation has been agreed to and executed by the Parties, and pursuant to which, among other things,

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Stipulation.

Defendants agreed to settle the Kush Claims by their collective payment of $30,576 (the "Settlement Amount") to the Trustee and for a consent judgment to be entered against Defendants in the amount of the Settlement Amount plus costs until the Settlement Amount is fully paid to the Trustee, and Defendants hereby consent to entry of judgment against themselves, jointly and severally, in the amount of the Settlement Amount, and it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Trustee shall have judgment against Defendants, jointly and severally, in the amount of $30,576, representing the Settlement Amount. Collection efforts may proceed upon Defendants' failure to pay the Settlement Amount to the Trustee as set forth in the Stipulation. Dated: July 17, 2026

ALBERT TOGUT, not individually but solely in his capacity as Chapter 7 Trustee, By his Attorneys,

TOGUT, SEGAL & SEGAL LLP

By:

Brian F. Moore
BRIAN F. MOORE
BRIAN KREUTTER
One Penn Plaza, Suite 3335
New York, New York 10119
Tel: (212) 594-5000

*Attorneys for the Chapter 7 Trustee*

KM SCIENTIFIC HOLDING CORPORATION and KUSH MASTERS LLC,

By:

Josh Rutherford
JOSH RUTHERFORD

Address: 6325 w 48th ave
Wheat Ridge CO 80033
Tel:720-7995824

Title *Chairman*

# **Exhibit B**

## **Declaration of Brian F. Moore**

Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Brian F. Moore
Brian Kreutter
*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE BLINC GROUP, INC.<br><br>Debtor. | Chapter 7<br>Case No. 25-10479 (MEW) |
| ALBERT TOGUT, not Individually but Solely in His Capacity as the Chapter 7 Trustee of the Estate of The Blinc Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>ABSTRAKT LLC,<br><br>Defendant. | Adv. Pro. No. 26-01039 (MEW) |
| ALBERT TOGUT, not Individually but Solely in His Capacity as the Chapter 7 Trustee of the Estate of The Blinc Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>KM SCIENTIFIC HOLDING CORPORATION, and KUSH MASTERS LLC,<br><br>Defendants. | Adv. Pro. No. 25-01135 (MEW) |

**DECLARATION OF BRIAN F. MOORE IN SUPPORT OF CHAPTER 7 TRUSTEE'S OMNIBUS APPLICATION FOR ORDER APPROVING STIPULATIONS SETTLING CLAIMS AGAINST COUNTERPARTIES**

Pursuant to 28 U.S.C. § 1746, I, Brian F. Moore, declare:

1. I am a member of Togut, Segal & Segal LLP and counsel to Albert Togut, not individually but solely in his capacity as Chapter 7 trustee (the "Trustee") of the estate (the "Estate") of The Blinc Group, Inc., the debtor in the above-captioned case (the "Debtor").

2. I submit this declaration (the "Declaration") in support of the Trustee's application (the "Application")[1] for entry of an order, substantially in the form attached to the Application as **Exhibit A** (the "Proposed Order"), approving the Stipulations with the Counterparties pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

3. Except as otherwise set forth herein, all statements in this Declaration are based on my personal knowledge, familiarity with the Debtor's affairs, my privileged communications with the Trustee and/or my review of relevant documents. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

4. I have reviewed the factual recitations contained in the Application concerning the Claims and believe they are accurate. Those recitations are incorporated herein.

5. The Trustee has concluded that the Stipulations further the interests of the Estate by, among other things, (i) obtaining an aggregate recovery of $120,576; (ii) avoid the costs, expenses and risks associated with litigation or continued

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed thereto in the Application.

litigation; and (iii) consensually resolve the disputed claims asserted by the Counterparties.

6. The recoveries from the Counterparties represent a significant portion of the Claims.

7. The Trustee carefully considered and researched the various defenses to the Claims asserted by the Counterparties.

8. The Stipulations are the product of arm's-length and good faith negotiations between the Trustee and the Counterparties, which included months of negotiations.

9. The Stipulations also avoid the cost, delay and risk of further litigation and will fully resolve the Claims.

10. The Trustee, in his considered business judgment, concluded that the Stipulations are fair, reasonable and equitable, in the best interests of the Estate, and are above the lowest point in the range of reasonable potential litigation outcomes.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: New York, New York
July 23, 2026

*/s/ Brian F. Moore*
BRIAN F. MOORE
TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000