UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE BLINC GROUP, INC.<br><br>Debtor. | Chapter 7<br>Case No. 25-10479 (MEW) |
| ALBERT TOGUT, not Individually but Solely in His Capacity as the Chapter 7 Trustee of the Estate of The Blinc Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>ABSTRAKT LLC,<br><br>Defendant. | Adv. Pro. No. 26-01039 (MEW) |
| ALBERT TOGUT, not Individually but Solely in His Capacity as the Chapter 7 Trustee of the Estate of The Blinc Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>KM SCIENTIFIC HOLDING CORPORATION, and KUSH MASTERS LLC,<br><br>Defendants. | Adv. Pro. No. 25-01135 (MEW) |

**ORDER APPROVING STIPULATIONS SETTLING**
**CHAPTER 7 TRUSTEE'S CLAIMS AGAINST COUNTERPARTIES**

Upon the application (the "Application")[1] [ECF No. 87] of Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of The Blinc Group, Inc. (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), for entry of an order (this "Order") approving:

i. *Stipulation and Order Settling Adversary Proceeding Against Abstrakt LLC* by and between the Trustee and defendant Abstrakt LLC; and

ii. *Stipulation and Order Settling Adversary Proceeding Against KM Scientific Holding Corporation and Kush Masters LLC* by and between the Trustee and defendants KM Scientific Holding Corporation and Kush Masters LLC

pursuant to section 105(a) of title 11 of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure; and upon the Declaration of Brian F. Moore in support of the Application; and it appearing that the Court has jurisdiction to consider the Application and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.), and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Estate; and this Court having reviewed the Application and the Stipulations (attached as exhibits to the Application); and good and sufficient notice of the Application having been given to all parties entitled thereto; and after due deliberation and sufficient cause appearing therefor, and upon all prior pleadings and proceedings had herein;

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Application except where otherwise indicated.

**IT IS HEREBY ORDERED**:

1. The Application is GRANTED and the Stipulations, the terms of which are incorporated herein, are approved.

2. All objections, if any, to the Application and the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice.

3. The failure specifically to include any particular provision of the Stipulations in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Stipulations be authorized and approved in their entirety.

4. The Trustee, the Togut Firm and the Counterparties are authorized to take all necessary actions and sign such documents as may be reasonably necessary to carry out this Order.

5. The Stipulations and any related agreements, documents, or other instruments may be further modified, amended, or supplemented in a writing signed by the applicable Counterparty and the Trustee without further order of this Court, provided that any such modification, amendment or supplement is consistent with this Order and does not have a material adverse effect on the Estate.

6. The Court shall retain exclusive jurisdiction to enforce and implement this Order, the terms and provisions of the Stipulations, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith, in all respects including, but not limited to, retaining jurisdiction to (a) compel compliance with this Order and the Stipulations, (b) resolve any dispute, controversy or claim arising under or related

to the Stipulations or the breach thereof and (c) interpret, implement, and enforce the provisions of this Order and resolve any disputes related thereto.

7. Entry of this Order shall in no way impair the ability of the Court, United States Trustee, or Trustee to implement or enforce other orders of the Court entered in the Debtor's case, and all such orders shall continue in full force and effect.

DATED: New York, New York
August 14, 2026

/s/ **Michael E. Wiles**
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE